```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>XAVIER RIVERA RODRIGUEZ,<br><br>**Defendant** | CIVIL NO. 10-270 (JAG) |

**MEMORANDUM AND ORDER**

Pending before the Court is Xavier Rivera Rodriguez's Motion to Suppress Statements. (Docket no. 29). For the reasons set forth below, the motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 22, 2010, at midnight, Sergeant Jose L. Torres Rodríguez ("Sgt. Torres") of the Puerto Rico Police Department ("PRPD") was patrolling the parking lot of Paseos del Parque Mall in the Municipality of Santa Isabel. He pulled next to a blue Mazda Protégé ("vehicle") that was parked in a handicap space. At the time there were several individuals sitting in a red Suzuki and three men standing in front of a video store. Sgt. Torres allegedly noticed that the vehicle had its passenger door open and that there was a long firearm in the passenger side. He proceeded to take possession of the weapon, which was

later identified as a Tapco USA, model AK-47 rifle. According to Sgt. Torres, two individuals came running toward him at that moment and he reacted by withdrawing his service weapon and ordering them not to move.[1] The two individuals were later identified as Angel Santiago Burgos and Xavier Rivera Rodriguez ("Defendant"). Allegedly, Mr. Santiago quickly stated that the vehicle was his and Defendant that he was going to the vehicle.

After two other police officers arrived, they were arrested and taken to the Santa Isabel police station. Defendant signed a <u>Miranda</u> waiver at 2:49 a.m. and provided a written statement. Sgt. Torres then notified the Alcohol, Tobacco and Firearms ("ATF"), whose agents arrived in the evening. They also obtained a Miranda waiver from Defendant and questioned him. During the interview, Defendant supposedly admitted that the firearm had been given to him.

Several days later, on August 4, 2010, Defendant was charged in this Court with one count of being a felon in possession of a firearm, which is a violation of 18 U.S.C. §922(g)(1). (Docket no. 1).

On January 25, 2011, Defendant filed the Motion to Suppress Statements. In the motion, he argues that all statements made to the police and the ATF should be suppressed because they are the

---

[1] The third individual allegedly approached Sgt. Torres with his arms raised and explained he was not involved.

fruit of an illegal arrest. He contends that the police officers lacked probable to arrest him. He further argues that the statements were not obtained by means sufficiently distinguishable from the illegal arrest for them to be considered freed of its taint under Brown v. Illinois, 422 U.S. 590 (1975).

On January 24, 2011, the United States of America ("Government") filed its opposition. (Docket No. 31). It posits that, given the circumstances surrounding the arrest, the police officers had reasonable belief that he was involved in criminal activity. It also argues that even if the arrest were to be considered illegal, the balance of the factors set out in Brown v. Illinois, *supra*, tips the scale against suppression.

## DISCUSSION

It is well settled that a warrantless arrest must be based on probable cause and that evidence obtained as a result of the arrest is normally inadmissible against the arrestee. United States v. Brown, 500 F.3d 48 (1st Cir. 2007) (*citations omitted*). "Probable cause exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be committed." Id. (*citing* Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 9 (1st Cir. 2004).

In order to determine if Sgt. Torres reasonably concluded that a crime had been or was about to be committed, the Court must analyze the information he possessed at the time he drew his weapon and ordered Defendant and Mr. Santiago to freeze.[2] According to Defendant, said information could not lead a prudent person to believe that he committed or was committing a crime. He argues that the officer observed a gun inside the vehicle; the vehicle had its passenger door open; no one was observed in the vehicle; two groups of young men were in the parking lot; several drove away when the office arrived; and two individuals ran at him. He contends that the officer did not have information regarding the ownership of the vehicle, if either individual was related to the vehicle or if they possessed a license for the firearm. (Docket No. 29, p. 4).

The Government, on the other hand, contends that Sgt. Torres had plenty of information to reasonably conclude that Defendant was involved in a criminal activity, that is, the possession of a firearm. This, because he observed an illegally parked vehicle in the parking lot of a closed mall late at night; the vehicle had an open door and there was a rifle in plain sight; two individuals quickly approached him; one individual indicated that the car was his; and the other

---

[2] The Court will assume that the arrest took place at this point and not when Defendant was handcuffed, given that it was at this moment that his freedom was effectively restricted.

(Defendant) indicated that he was going toward the vehicle. (Docket No. 31, p. 6)

The Court considers that the totality of the circumstances could lead a reasonable person to believe that a crime had been or was going to be committed and, therefore, finds that Sgt. Torres had probable cause to arrest Defendant. It is particularly significant that Mr. Santiago and Defendant quickly approached Sgt. Torres after he took possession of the rifle and allegedly expressed a connection to the vehicle. In fact, in his motion Defendant indicated that "two individuals came running toward Sergeant Torres." (Docket No. 29, p. 4). Regardless of whether he quickly approached or ran toward Sgt. Torres, this, in combination with the other circumstances described above is sufficient to create probable cause. It was not unreasonable for Sgt. Torres to believe that individuals that claim to have a connection to an illegally parked vehicle that contained a rifle in plain sight and who quickly approach a police officer are or will be executing an illegal activity, especially considering the context of the incident.

Contrary to what Defendant contends in his motion, it is not significant that Sgt. Torres did not know if either individual was the driver of the passenger or if either individual possessed a license for the firearm because probable cause existed regardless of these "missing facts." Id. Besides,

Crim. No. 10-270 (JAG)                                                    6

neither Mr. Santiago nor Defendant expressed whether they had a license for the firearm at the time they were first ordered not to move. See <u>United States v. Pontoo</u>, Crim. No. 10-27-P-H, 2010 WL 2541723, *10 (D. Me. 2010).[3]

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Suppress Statements.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of January, 2011.


<u>S/ Jay A. Garcia-Gregory</u><br>
JAY A. GARCIA-GREGORY<br>
United States District Judge

---

[3] Given the above, it is unnecessary to consider Defendant's arguments under <u>Brown v. Illinois</u>, *supra*.